IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

ESTATE OF PASCUAL O. ESTRADA, et al.,

          Plaintiffs,

-vs-

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

          Defendant.

: CASE NO. 1:12-cv-02215
:
:
: <u>MEMORANDUM OF OPINION AND</u>
: <u>ORDER GRANTING THE</u>
: <u>DEFENDANT'S MOTION TO DISMISS</u>

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Before the Court is a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, filed by the defendant United States Department of Veterans Affairs ("Veterans Affairs" or "defendant"). The plaintiffs Estate of Pascual O. Estrada and Nora M. Maffei (collectively, "plaintiffs") have filed a brief in opposition, and the defendant has replied. For the reasons that follow, the motion will be granted.

## I. Background

The background facts that follow are drawn from the plaintiffs' Amended Complaint. (Doc. 12). Prior to his death on 18 December 2010, Pascual O. Estrada, a U.S. Army veteran, was receiving treatment at the VA Medical Center in Cleveland, Ohio. Mr. Estrada was paralyzed and confined to a wheelchair. Plaintiff Nora M. Maffei is Mr. Estrada's daughter and executor of his estate.

On 30 August 2010, Ms. Maffei accompanied her father to the VA Medical Center. Upon their arrival, they were informed that Mr. Estrada needed an x-ray. An orderly wheeled Mr. Estrada into the x-ray department, and Ms. Maffei waited. A few minutes later, the orderly returned and asked Ms. Maffei to come with him. She followed the orderly into the x-ray department, where she saw another orderly and her father, who was still seated in his wheelchair. The wheelchair was parked alongside the x-ray table. The first orderly informed Ms. Maffei that he would not lift Mr. Estrada out of the wheelchair and onto the table, because he did not want to hurt his back. The orderly told Ms. Maffei that if she wanted the x-ray performed, she would have to lift Mr. Estrada onto the table herself.

According to Ms. Maffei, she "struggled but managed to lift [her] father onto the x-ray table while the orderlies watched." She left the room, and the x-ray was completed. The orderly summoned Ms. Maffei back into the x-ray room and informed her that it was her responsibility to move her father from the table back to his wheelchair. Ms. Maffei obliged and lifted her father from the table and placed him back in the wheelchair. The orderlies again stood by and watched.

Ms. Maffei maintains that she suffered physical injury as a result of this incident and that Veterans Affairs is liable. On 11 September 2010, she filed an administrative claim with the defendant, through Charles Calhoun, the defendant's patient advocate. On 22 September 2010, the patient advocate Mr. Calhoun sent Ms. Maffei a letter informing her that her claim form was incomplete. Mr. Calhoun requested that she resubmit the form with additional information, including "the nature or extent of [her] injury," and "a dollar amount for the injury [she] sustained." The same day, after adding more information to the claim form, the plaintiff resubmitted her claim. Ms. Maffei states that she never received a response from Mr. Calhoun or Veterans Affairs with regard to the resubmitted claim.

On 29 August 2012, the plaintiffs filed this lawsuit against Veterans Affairs, alleging claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and Ohio tort and statutory law. The plaintiffs maintain that Veterans Affairs is liable for Ms. Maffei's injuries that allegedly occurred as a result of the 30 August 2010 incident. On 13 November 2012, the defendant filed a motion to dismiss, arguing that the plaintiffs had failed to exhaust administrative remedies under the Federal Tort Claims Act; and that they failed to state a plausible claim under the ADA and the Rehabilitation Act. On 6 December 2012, the plaintiffs filed an amended complaint containing the same allegations included in the original complaint. The plaintiffs attached to the Amended Complaint a copy of the resubmitted claim form and Ms. Maffei's affidavit. On 7 December 2012, the Court marginally denied the defendant's motion to dismiss as moot.

On 3 January 2013, the defendant filed another motion to dismiss, arguing that based on the Amended Complaint and the attached form and affidavit, the plaintiffs still had not met their burden to demonstrate exhaustion of administrative remedies under the FTCA. The defendant further argues that the Amended Complaint fails to state plausible claims for relief under the ADA and the Rehabilitation Act. The plaintiffs concede that the ADA claim should be dismissed, but they otherwise dispute the defendant's contentions.

## II. Relevant Standards

### A. Federal Rule of Civil Procedure 12(b)(1)

Where subject matter jurisdiction is challenged pursuant to Federal Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir. 1986). When the defendant challenges the factual basis for jurisdiction, as is the case here, the district court must "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. Federal Rule of Civil Procedure 12(b)(6)

The plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A 12(b)(6) motion

4

tests the sufficiency of the complaint. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### III. Discussion

#### A. The FTCA Claim

Veterans Affairs argues that the Court lacks jurisdiction over the FTCA claim because the plaintiffs have failed to exhaust their administrative remedies. In support, the defendant asserts by affidavit that it has no record of the resubmitted claim form that the plaintiffs claim to have filed. (Doc 14-2; 14-3; 14-4). The defendant also notes that the plaintiffs' claim form does not bear a time stamp to show that it was ever received by Veterans Affairs. (Doc. 12-1). Further, the defendant points out that the plaintiffs' form does not specify a sum certain of damages. (Doc. 12-1). The plaintiffs, for their part, argue that the defendant's motion should be denied because the facts are in dispute as to whether the claim form was filed. Ms. Maffei swears that she resubmitted the form to Mr. Calhoun on or about 22 September 2010.

In the Court's view, the plaintiffs have failed to exhaust administrative remedies in relation to the FTCA claim. To bring a tort action against the government, the plaintiff must first establish that the government has waived sovereign immunity. See

5

Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir.1991) (per curiam) (citations omitted). The government has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted her administrative remedies. 28 U.S.C. § 2675(a); Lundstrum, 954 F.2d at 1145 ("A prerequisite to suit under the FTCA, ... is the exhaustion by the plaintiff of administrative remedies."). Section 2675(a) provides that an

> action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). A claim submitted to the proper administrative agency is considered sufficient to satisfy the exhaustion requirement if it is a "written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." Lundstrum, 954 F.2d at 1145.

In this instance, although the parties dispute whether the claim form was actually submitted to Veterans Affairs, there is no question that Ms. Maffei did not request a sum certain. This is fatal to the plaintiffs' claim. As noted above, in order for an administrative claim to be complete, it must include a claim for damages in a sum certain. Glarner v. United States Dep't of Veterans Admin., 30 F.3d 697, 700 (6th Cir.1994) (explaining that in this circuit requesting a sum certain is a necessary prerequisite to filing a FTCA claim). Therefore, because the plaintiffs did not request a sum certain at the administrative level, they have failed to exhaust administrative remedies. The Court accordingly lacks jurisdiction over the plaintiffs' FTCA claim. See

Holt v. Morgan, 79 Fed.Appx. 139 (6th Cir.2003) ("Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the claim.").

### B. Rehabilitation Act

The plaintiffs also seek relief under the Rehabilitation Act. The defendant maintains that this claim is insufficiently pled and should be dismissed pursuant to Federal Rule 12(b)(6). To state a claim under the Rehabilitation Act, a plaintiff must show: 1) that she has a disability; (2) that she was otherwise qualified to participate in a program or activity; (3) that she was excluded from participation in, denied the benefits of, or subjected to discrimination under the program or activity solely on the basis of her disability; and (4) that the program or activity at issue received federal funding. Maddox v. University of Tennessee, 62 F.3d 843, 846 (6th Cir.1995). As the defendant correctly points out, Ms. Maffei has not alleged that she has a disability. As such, Ms. Maffei fails to state a plausible claim as to herself under the Rehabilitation Act.

On the other hand, the plaintiffs do allege that Mr. Estrada was disabled at the time of the incident and that the defendant violated the Rehabilitation Act by refusing to lift him onto the x-ray table. Based on this allegation, Ms. Maffei contends that she presents a claim under the Rehabilitation Act. Although she does not say it explicitly, this argument seems to be based on a claim of "associational discrimination." See Popovich v. Cuyahoga Cnty. Court of Common Pleas, 150 F. App'x 424, 427 (6th Cir. 2005). This raises the question whether under the Rehabilitation Act, Ms. Maffei has standing to assert such a claim.

Because the Rehabilitation Act's remedies are available to "any person aggrieved" by discrimination based on disability, the Sixth Circuit has recognized the

viability of claims of "associational discrimination." Id. A non-disabled individual, such as Ms. Maffei, may have standing to assert "a denial of rights based on association with [a] qualified individual[ ] with a disability." Id. To prove associational discrimination, a plaintiff must demonstrate "an independent injury causally related to the denial of federally required services to the disabled persons with whom the non-disabled plaintiffs are associated." Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 289 (2d Cir. 2009). The Sixth Circuit has limited the type of injury alleged by an associated party to the denial of a benefit conferred by the Rehabilitation Act or to discrimination against the associated party. See Autism Soc. Of Michigan v. Fuller, No. 05:05-CV-73, 2006 WL 1519966, at *16 (W.D. Mich. May 25, 2006) (citing Popovich, 150 F. App'x at 426).

In Popovich,[1] the plaintiff had been the subject of an underlying custody dispute between her father, who was disabled, and her mother. Popovich, 150 F. App'x at 425. A protective order was issued, the effect of which "was to remove [the plaintiff] from [her father's] home and to prohibit him from having any contact with her." Id. The custody litigation continued but was delayed "due to a continuing dispute over the court's obligation under the ADA to provide hearing-assistance facilities for the plaintiff's father." Id. The plaintiff later brought suit in federal court alleging that the domestic relations court discriminated against her "due to her association with her father, an individual with a disability." Id. at 426. The plaintiff's alleged injury was that she was

---

[1] Although Popovich construes the Americans with Disabilities Act, it is instructive in the context of the Rehabilitation Act. See Andrews v. State of Ohio, 104 F.3d 803, 807 (6th Cir.1997) (because "standards under both of the acts are largely the same, cases construing one statute are instructive in construing the other").

"deprived of her father's companionship because of delays in her custody case." Id. at 427. The Popovich court held that the plaintiff did not establish associational discrimination, because she had "not been denied access to or participation in any of the public services covered by Title II [of the ADA]." Id.

In this instance, Ms. Maffei alleges that she was physically injured as a result of the defendant's denial of services. As discussed above, the mere fact that a plaintiff was injured, even where causally related to a denial of federal benefits is not enough. Similar to Popovich, Ms. Maffei's physical injury does not amount to a denial of benefits under the Rehabilitation Act. Further, Ms. Maffei presents no facts by which it might be reasonably inferred that she herself "'was discriminated against or singled out in a discriminatory way based on [her] association with [a] disabled person[ ].'" See Autism Soc., 2006 WL 1519966, at *15 (quoting Micek v. City of Chicago, No. 98 C 6757, 1999 WL 966970, at *3 (N.D.Ill. Oct.4, 1999). Therefore, the plaintiffs fail to state a plausible claim for relief under the Rehabilitation Act.

### IV. Conclusion

For the reasons stated above, the defendant's motion to dismiss is granted.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: February 26th, 2014